UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

---------------------------------------------------------X

COLLEEN PETERS,

                Plaintiff,

     -v.-

Pamela Bondi, in her official capacity as
Attorney General of the United States,
DEPARTMENT OF JUSTICE, and
Kash Patel, in his official capacity as
Director of the FEDERAL BUREAU OF
INVESTIGATION,

                Defendants.

---------------------------------------------------------X

Case No.: 8:25-cv-443

**COMPLAINT FOR WORKPLACE DISCRIMINATION IN THE FEDERAL FEDERAL GOVERNMENT**

  1. Sex {42 USC §2000e-16(a)}

**PLAINTIFF DEMANDS A JURY TRIAL**

Plaintiff, COLLEEN PETERS, ("Plaintiff"), complains and alleges as follows:

## I.   JURISDICTION

1. This case is brought pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 USC §§ 42000e-16(a) for violation of this Complainant's rights against employment discrimination on the basis of sex (Female) and for Defendants having created a hostile work environment through actions and omissions by its agents and for which Defendants are vicariously liable.

Subject matter jurisdiction is founded upon Title 28 U.S.C. § 1331, and § 1346. Also, sovereign immunity is waived by 5 U.S.C. § 702.

## II.   VENUE

2. Defendant Federal Bureau of Investigation maintains a Field Office in Omaha, Nebraska

and a substantial part of the Defendants' actions and omissions giving rise to the Plaintiff's claims for economic and non-economic injuries arose in Omaha, Nebraska and but for the Defendants' unlawful employment actions it is the location in which this Plaintiff would be otherwise employed. Therefore, venue is proper in the United States District Court for the District of Nebraska pursuant to 42 U.S.C. § 2000e-(f)(3), 28 U.S.C. § 1391(b)(1) and (2) and 28 U.S.C. § 1391(e).

### III.   PARTIES

3.   Plaintiff is a competent adult citizen of the United States and a former employee of the Federal Bureau of Investigation, a component within the Department of Justice. At the time of the Defendants' discriminatory employment actions and her termination from federal employment, the Plaintiff was a special agent with the FBI and assigned to the Omaha Field Office, located in Omaha, Nebraska.

4.   Plaintiff's sex is Female.

5.   At all relevant times Plaintiff's residence is and has been in the state of Nebraska.

6.   Defendant, Pamela Bondi, is the Attorney General of the United States and cabinet Head over the U.S. Department of Justice and has her office situated in the District of Columbia. Defendant Pamela Bondi is sued only in her official capacity.

7.   At all times mentioned herein, the Department of Justice, is an executive department and "agency" within the meaning of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*) and 5 U.S.C. §101, with its principal offices in the District of Columbia.

8.   Defendant Kash Patel, serving as Director of the Federal Bureau of Investigation has his principal office in the District of Columbia and the Federal Bureau of Investigation is an executive agency within the meaning of 5 U.S.C. §105. Defendant Kash Patel is sued only in his official

capacity.

9.  Defendant Federal Bureau of Investigation (aka "Defendant FBI") is a subordinate component of the Department of Justice pursuant to 28 C.F.R. § 0.1. Defendant FBI maintains 55 Field Offices across the United States.

10. At the time of the acts of alleged discrimination by the Defendants, Plaintiff was an employee of the federal government, as that term is defined in 5 U.S.C. §2105(a)(1)(1) and 42 U.S.C. §2000e(f), employed in the excepted service, as that term is defined in 5 U.S.C. §2103(a).

11. On April 11, 2021 the Plaintiff entered on duty with Defendant FBI in the special agent series (GL-1811-10) and attended new agent training at Quantico, Virginia. Plaintiff successfully and timely completed her new agent training at the FBI academy in Quantico, Virginia.

12. As a special agent with Defendant FBI the Plaintiff was given, as her first field assignment, the Omaha Field Office. Plaintiff was hired into an excepted service position as a GS 1811-10 and was required to serve a two (2) year probationary period.

13. Upon arrival to the Omaha Field Office Plaintiff was assigned to the Division's Terrorism Squad, which went by the numerical squad designation of OM-5. At this time Plaintiff became a direct report to Supervisory Special Agent Kari Gallagher (SSA Gallagher).

14. Squad OM-5 fell under the Omaha Field Office's National Security Branch. During all relevant times herein the National Security Branch for Omaha was overseen by Assistant Special Agent in Charge Willie Johnson (ASAC Johnson).

### IV.   EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES
**(Factual Allegations)**

15. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth herein.

16. Plaintiff was discriminated against based on her sex (Female) and subjected to a hostile work environment and harassment, when

    (a) On January 31, 2023, SSA Gallagher counseled Plaintiff regarding an active shooter incident;

    (b) In February of 2023, SSA Gallagher ceased almost all communication with Plaintiff, stopped signing documentation Plaintiff uploaded into the Sentinel system, and ignored Plaintiff when she made an oral presentation;

    (c) On March 1, 2023, Complainant was assigned twelve leads in Sentinel and a "BuCar"1 investigation;

    (d) On March 8, 2023, Plaintiff was accused of speaking to SSA Gallagher with "aggression" and "disrespect", her probationary period was extended, and she was denied a grade increase to her pay;

    (e) On March 13, 2023, Plaintiff was required to sign the Suitability Standards for Probationary Employees and during a meeting that day, SSA Gallagher made negative comments about Plaintiff's demeanor;

    (f) On April 10, 2023, Plaintiff received a Performance Check-In, during which SSA Gallagher misrepresented Plaintiff's work on certain cases, stated that Plaintiff gossiped regularly, and required Plaintiff to send SSA Gallagher biweekly emails regarding her work that Plaintiff was performing;

    (g) On April 11, 2023, FBI management removed her from her position as a special agent; and

---

1 "BuCar" is a term peculiar to the FBI. BuCar is a reference to an automobile owned/leased by the Federal Bureau of Investigation and assigned to its criminal investigators (aka agents) in furtherance of their investigative duties. A "BuCar investigation" is an administrative inquiry in the facts and circumstances surrounding an accident in which a BuCar played some role or the vehicle suffered some damage.

(h) During a meeting on April 12, 2023, ASAC Johnson discussed details of Plaintiff's removal with her former squad (OM-5).

17. At the time of her April 11, 2023 termination from the FBI Plaintiff was no longer serving in a probationary status.

18. Plaintiff timely initiated Equal Employment Opportunity (EEO) counseling with Defendant FBI's internal EEO processing component for the allegations stated in paragraph number 16, letters (a) through (h), inclusive.

19. On April 17, 2023 Plaintiff filed her formal complaint of discrimination with the Defendants.

20. An investigation into Plaintiff's allegations of discrimination was conducted by the Defendants in the late spring and summer of 2023 and a report of investigation (ROI) along with a notice of rights was served upon Plaintiff by Defendants.

21. At the conclusion of the Defendants' investigation Plaintiff timely elected to have her Title VII claims proceed to a hearing before the Equal Employment Opportunity Commission (EEOC).

22. On July 12, 2024 the EEOC granted a motion by Defendants for a Decision Without a Hearing of Plaintiff's Title VII claims when it issued an Order Entering Judgment in Defendants' favor.

23. On August 19, 2024 Defendant Department of Justice's component known as Complaint Adjudication Office issued a Final Agency Decision (FAD) which fully implemented the EEOC's July 12, 2024, Decision in favor of Defendants.

24. On September 17, 2024, Plaintiff appealed Defendants' FAD to the EEOC Office of Federal Operations (OFO).

25. On or about April 5, 2025, the OFO issued a decision affirming the Agency's (Department

of Justice) final order fully implementing the EEOC's finding of no discrimination and no harassment of Plaintiff. The OFO Decision bears a date of April 5, 2025.

26. The April 5, 2025, OFO Decision further notified Plaintiff, *inter alia*, that she has the right to commence a civil action in United States District Court.

27. As such, Plaintiff has exhausted her federal administrative remedies.

## V.   CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF

### Sex-based Discrimination

{Title VII, Sex-Based Discrimination in Employment; 42 U.S.C. §2000e-3(a)}

28. Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth herein.

29. The Defendants and their agents discriminated against Plaintiff and subjected her to disparate treatment, harassment, and a hostile work environment due to the Plaintiff's sex. To wit, Female.

30. The Defendants intentionally and unlawfully removed the Plaintiff from her position as a special agent because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-3(a).

31. As a result of Defendants' unlawful actions Plaintiff has suffered economic and non-economic damages, as well as emotional pain and suffering.

32. The Plaintiff has exhausted her administrative remedies.

## VI.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff makes the following demand and prays as follows:

a) Plaintiff hereby demands a trial by jury and that process be issued and served as provided by law, requiring the Defendants to appear and answer or face judgment;
b) Enjoin Defendants from engaging in such illegal conduct.
c) Reinstatement of the Plaintiff to the position of special agent with the Federal Bureau of Investigation, retroactive to the date of her separation from the federal service;
d) For all compensatory, general, and special damages against the Defendants in the amount proven at trial;
e) For pecuniary damages for back wages, with interest, under the Back Pay Act, 5 U.S.C. §5596(b)(i) and front pay;
f) For an award of costs and an award of reasonable attorney's fees under the Back Pay Act, 5 U.S.C.§5596(b)(ii), and/or under the Equal Access to Justice Act, 5 U.S.C. §504 and 28 U.S.C. §2412 and/or pursuant to 42 U.S.C. § 12205;
g) That Plaintiff have all accrued leave reinstated and an award of leave she would have otherwise accrued since her separation, due to the Defendants' discriminatory actions;
h) Pre-judgment and post-judgment interest.
i) Any other such relief, including injunctive and/or declaratory relief, as the Court may deem proper.

Dated: July 7, 2025.

Respectfully submitted,

/S/ _____
Denis P. McAllister, Esq.
Attorney for Plaintiff,
awaiting admission *pro hac vice* to Nebraska District Court
(NYS Bar# 2508182)
70 Glen Street, Suite 395
Glen Cove, New York 11542
Tel.# (516) 816-6644
email: Kogid67@aol.com

## VII.   FRCP (Rule) 11 CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I hereby certify that to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: July 7, 2025.

Respectfully submitted,

/S/_____
Denis P. McAllister, Esq.
Attorney for Plaintiff,
awaiting admission *pro hac vice* to Nebraska District Court