IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COLLEEN PETERS,<br><br>    Plaintiff,<br><br>vs.<br><br>PAMELA BONDI, Attorney General of the United States, DEPARTMENT OF JUSTICE, and Kash Patel, in his official capacity as Director of FEDERAL BUREAU OF INVESTIGATION,<br><br>    Defendants. | 8:25CV443<br><br>ANSWER |

  Defendants Pamela Bondi, Attorney General of the United States, Department of Justice, and Kash Patel, in his official capacity as Director of the Federal Bureau of Investigation answers Plaintiff's Complaint as follows:

### First Defense

  All employment decisions made by Defendants regarding Plaintiff, as described in Plaintiff's Complaint and underlying EEO claim, were made for legitimate, non-discriminatory reasons and Plaintiff's sex and/or gender were not motivating or determining factors in Defendants' decisions.

### Second Defense

  The alleged actions taken by the FBI are not sufficiently severe and pervasive to constitute a hostile work environment.

### Third Defense

  Plaintiff failed to properly mitigate any alleged damages.

### Fourth Defense

Plaintiff was not treated differently by Defendants than those similarly situated and similarly qualified individuals who were not members of Plaintiff's sex.

### Fifth Defense

To the extent the Department of Justice or the Federal Bureau of Investigation are considered individual Defendants, they are not proper parties to this suit.

### Sixth Defense

Answering specific allegations of the complaint, Defendants admit, deny or otherwise answers as follows:

1. Paragraph 1 contains a jurisdictional statement to which no response is required. To the extent a response is required, the United States admits that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964. Defendants deny the remaining allegations in paragraph 1 of the Complaint.

2. Defendants admit that the FBI maintains a Field Office in Omaha, Nebraska and a substantial part of the alleged actions arose in Omaha, Nebraska. Defendants further admit venue is proper in the United States District Court for the District of Nebraska. Defendants deny the remaining allegations in paragraph 2 of the Complaint.

3. Defendants admit that Plaintiff is an adult and, at the time her termination, Plaintiff was a Special Agent with the FBI assigned to the Omaha Field Office, located in Omaha Nebraska. Defendants admit the FBI is a component of the Department of Justice. Defendants deny the remaining allegations in paragraph 3 of the Complaint.

4. Defendants admit the allegations in paragraph 4 of the Complaint.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 5 of the Complaint and therefore deny them.

6. Defendants admit the allegations in paragraph 6 of the Complaint.

7. Defendants admit the allegations in paragraph 7 of the Complaint.

8. Defendants admit the allegations in paragraph 8 of the Complaint.

9. Defendants admit the FBI is a subordinate component of the Department of Justice. However, the Defendants deny that the FBI maintains 55 Field Offices across the United States as the FBI maintains 56 Field Offices.

10. Defendants admit the allegations in paragraph 10 of the Complaint.

11. Defendants admit the allegations in paragraph 11 of the Complaint.

12. Defendants admit the allegations in paragraph 12 of the Complaint.

13. Defendants admit the allegations in paragraph 13 of the Complaint.

14. Defendants admit the allegations in paragraph 14 of the Complaint.

15. Regarding the incorporated allegations in paragraph 15 of the Complaint, Defendants respond by incorporating its corresponding responses in paragraphs 1-14, above.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint that Plaintiff was discriminated against based on her sex and was subject to a hostile work environment. Regarding the subparagraphs in paragraph 16, Defendants respond as to the following:

  a) Defendants admit the allegations in subparagraph 16(a);

  b) Defendants deny the allegations in subparagraph 16(b);

  c) Defendants admit the allegations in subparagraph 16(c);

    d)    Defendants admit the allegations contained in subparagraph 16(d) that Plaintiff did not receive a grade increase in March 2023, but Defendants deny the remaining allegations contained in subparagraph 16(d);

    e)    As to subparagraph 16(e), Defendants admit Plaintiff signed the Suitability Standards for Probationary Employees on March 13, 2023. Defendants deny the remaining allegations in subparagraph 16(e);

    f)    As to subparagraph 16(f), Defendants admit Plaintiff received a Performance Check-In on April 10, 2023, that SSA Gallagher stated that Plaintiff gossiped regularly, and SSA Gallagher required Plaintiff to send SSA Gallagher biweekly emails regarding work that Plaintiff was performing. Defendants deny the remaining allegations in subparagraph 16(f).

    g)    Defendants admit the allegations in subparagraph 16(g).

    h)    As to paragraph 16(h), Defendants admit a meeting was held on April 12, 2023, but deny the remaining allegations in subparagraph 16(h) of the Complaint.

17. Defendants deny the allegations in paragraph 17 and affirmatively state that on April 11, 2023, Plaintiff was a probationary employee.

18. Defendants admit the allegations in paragraph 18 of the Complaint.

19. Defendants admit the allegations in paragraph 19 of the Complaint.

20. Defendants admit the allegations in paragraph 20 of the Complaint.

21. Defendants admit the allegations in paragraph 21 of the Complaint.

22. Defendants admit the allegations in paragraph 22 of the Complaint.

23. Defendants admit the allegations in paragraph 23 of the Complaint.

24. Defendants admit the allegations in paragraph 24 of the Complaint.

25. Regarding paragraph 25, Defendants clarify that on April 8, 2025, OFO issued a decision affirming the Agency's Final Order. The OFO Decision bears a date of April 8, 2025.

26. Regarding paragraph 26, Defendants clarify that on April 8, 2025, the OFO Decision notified Plaintiff of her rights to appeal.

27. Defendants admit the allegations in paragraph 27 of the Complaint.

28. Regarding the incorporated allegations in paragraph 28 of the Complaint, Defendants respond by incorporating its corresponding responses in paragraphs 1-27, above.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants admit the allegations in paragraph 32 of the Complaint.

Regarding the Prayer for Relief of Plaintiff's Complaint, no response is required, but insofar as a response is required, Defendants deny the allegations contained therein and deny that Plaintiff is entitled to the relief sought or any relief whatsoever.

As to any allegation of Plaintiff's Complaint which is not expressly admitted or denied herein, they are hereby denied.

WHEREFORE Defendants Pamela Bondi, Attorney General of the United States, Department of Justice, and Kash Patel, in his official capacity as Director of Federal Bureau of Investigation, prays that Plaintiff's Complaint be dismissed, and for such other and further relief as may be deemed appropriate.

       PAMELA BONDI, Attorney General of the
       United States, DEPARTMENT OF JUSTICE,
       and Kash Patel, in his official capacity as
       Director of FEDERAL BUREAU OF
       INVESTIGATION, Defendants.

       LESLEY A. WOODS
       United States Attorney
       District of Nebraska


       By: s/ Eric W. Synowicki
        ERIC W. SYNOWICKI, # 26403
        Assistant U.S. Attorney
        1620 Dodge Street, Ste 1400
        Omaha, NE  68102-1506
        Tel:  (402) 661-3700
        Fax:  (402) 661-3081
        E-mail:  eric.synowicki@usdoj.gov