**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **COLLEEN PETERS,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**TODD BLANCHE, in his official capacity as Attorney General of the United States Department of Justice; and KASH PATEL, in his official capacity as Director of the Federal Bureau of Investigation,**<br><br>**Defendants.** | **8:25CV443**<br><br>**ORDER** |

This matter is before the Court on Plaintiff's motion to compel Defendants to "supplement or correct" their response to Plaintiff's Interrogatory No. 31. (Filing No. 81). Plaintiff contends Defendants' answer to this interrogatory remains "evasive" and conflicts with subsequent deposition testimony. (Filing No. 82 at p. 7).

Plaintiff's Interrogatory No. 31 asks Defendants to: "Identify the proper name and Sex of the FTA(s) assigned to SA Soheilian during his 18-month NAT period at OMFO and the dates from which the individual(s) served as SA Soheilian's FTA." (Filing No. 85-1 at p. 16). Defendants responded:

> To the best of SA Soheilian's recollection, SSA Jacob Foiles (male) served as FTA for SA Soheilian from approximately April-May 2024. SSA Foiles was unable to confirm the dates he served as SA Soheilian's FTA. SSA Foiles stated that he and SA Florence were noted as being FTAs for SA Soheilian's New Agent Development Program completion electronic communication. However, according to SA Florence, he was never SA Soheilian's FTA "on paper." Rather, as the senior agent, he was the POC to answer questions that new agents, including possibly Soheilian, would have.

(Filing No. 85-1 at p. 16). This response was verified by Asmaa Abdul-Haqq, FBI Assistant General Counsel, on May 6, 2026. Upon Plaintiff's request, Defendants provided SA Soheilian's verification to Interrogatory No. 31 dated June 24, 2026.

Plaintiff describes the above answer to Interrogatory No. 31 as "evasive" when compared to the "more straight-forward responses Defendants provided in response to Interrogatory Nos. 29 and 30. (Filing No. 82 at p. 7). Interrogatory Nos. 29 and 30 ask Defendants for the name and sex

of FTAs for different time periods; Defendants responded to Interrogatory No. 29 that "Special Agent Mike Schmitt served as Complainant's first Field Training Agent," and responded to Interrogatory No. 30 that "Special Agent Matt Florence (male) served as SA Manion's Field Training Agent during portions of SA Manion's NAT period. Based on information presently available, SA Florence served in that role from approximately October of 2022 through April of 2024." (Filing No. 85-1 at p. 15).

Plaintiff contends Defendants' response to Interrogatory No. 31 "does not correspond with the 8/7/2026 oral testimony of SSA Gallagher, then OM-5 supervisor." During SSA Gallagher's deposition she testified, "she assigned SA Matt Florence as SA Manion's FTA[,] and after SA Soheilian arrived in Omaha, SSA Gallagher assigned SA Mike Martin (SA Martin) as Soheilian's FTA." Plaintiff argues this testimony conflicts with Defendant's response to Interrogatory No. 31, which "does not mention SA Mike Martin's name." (Filing No. 82 at p. 9). Plaintiff asks the Court to compel Defendants to "to provide a more complete response to Interrogatory #31" because the current response is a "failure to answer" when compared to Defendants' answers to Interrogatory Nos. 29 and 30. (Filing No. 83 at p. 7).

Defendants respond they "conducted a reasonable inquiry into Interrogatory No. 31, disclosed all information then available, and identified the limits of their knowledge." (Filing No. 90 at p. 1). Defendants represent they were unable to locate any official database that tracked FTAs, and the training coordinator at the time Soheilian started with the OMFO was no longer employed with the FBI at the time they answered this interrogatory. Defendants assert they satisfied their duty to furnish information reasonably available to them by asking SA Soheilian who served as his FTA and when; Soheilian identified Jacob Foiles. Defendants then asked Foiles to confirm if he served as Soheilian's FTA and when. Foiles was unable to confirm the dates, and further stated that SA Matthew Florence was also listed as an FTA for Soheilian. Defendants then spoke to SA Florence, who responded he was not an FTA "on paper." Defendants disclosed the differing recollections of Soheilian, Foiles, and Florence in their answer to Interrogatory No. 31. (Filing No. 90 at p. 3).

Under Rule 33(b), when a party responding to an interrogatory is a governmental agency, the interrogatory must be answered by "any officer or agent, who must furnish the information available to the party" and sign the answer under oath. Fed. R. Civ. P. 33(b)(1)(B), (b)(5). Rule 33 does not contemplate that a responding agency "explain all of the steps it took to respond to the

interrogatories." *Select Comfort Corp. v. Arrowood Indem. Co.*, No. 13-cv-2975 (JNE/FLN), 2015 WL 12803585, at *5 (D. Minn. Feb. 27, 2015). Under Rule 37(a)(3)(B)(iii) and (iv), a party may move to compel an answer to an interrogatory submitted under Rule 33. "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

After review, the Court finds Defendants have sufficiently answered Interrogatory No. 31. On its face, nothing about the answer is evasive. Defendants represent they were unable to locate any official database that tracked FTAs. Therefore, Defendants asked the subject of the interrogatory—SA Soheilian—who served as his FTAs. Defendants then followed up with two additional individuals, and set forth an answer containing the separate, but differing, recollections of Soheilian, Foiles, and Florence regarding who served as Soheilian's FTAs. Plaintiff argues Defendants' answer is evasive or incomplete because months later during SSA Gallagher's deposition, she testified she assigned SA Martin as Soheilian's FTA after SA Soheilian arrived in Omaha, yet SA Martin is not identified in Defendants' answer. However, Defendants validly point out that "[t]he additional recollection Plaintiff now relies on—offered months later by former SSA Kari Gallagher—was elicited by Plaintiff herself during discovery and does not retroactively render Defendants' response deficient." (Filing No. 90 at p. 1). Defendants answered the interrogatory with information reasonably available to it at the time, and during the course of subsequent discovery Plaintiff obtained additional information regarding this line of inquiry. However, that does not render Defendants' previous answer "deficient" or "evasive." Plaintiff has not demonstrated any reason why Defendants' answer needs to be supplemented when she already has the information through deposition testimony. *See* Fed. R. Civ. P. 26(e)(1) (requiring a party to supplement an interrogatory answer "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, *and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process* or in writing.") (emphasis added); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii) (providing the court must limit cumulative or duplicative discovery or where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"). The Court finds Defendants have sufficiently answered Interrogatory No. 31 at the time it answered, and Plaintiff has the information sought in her motion to compel. Plaintiff's request to compel further answer is therefore denied. Accordingly,

**IT IS ORDERED:** Plaintiff's motion to compel Defendants to "supplement or correct" their response to Plaintiff's Interrogatory No. 31. (Filing No. 81) is denied.

Dated this 15th day of October, 2026.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge